Hewman *vs.* Blades.

No. 6575.

MOSES HEWMAN VS. ABNER BLADES.

When error and fraud are alleged, parol testimony is admissible to shew that a written instrument is not the expression of the actual intention of the parties.

The prescription of one year bars a reconventional demand of damages for the institution of a suit to enforce an apparent sale which turns out to be a mortgage.

APPEAL from the District Court for St. Helena. KEMP, J.

*Russell* for Plaintiff and Appellant. *McEnery, Ellis & Ellis* and *Muse* for Defendant.

The action is for a tract of land alleged to have been sold by act under private signature of date February 11, 1871, with faculty of redemption on or before the following January.

The suit was instituted after the expiration of that time.

The defendant pleads that he signed the act in error, created by the fraudulent representations of the plaintiff who pretended it was a mortgage, and that some time after its execution he delivered to the plaintiff six bales of cotton to apply the proceeds of its sale to the debt, and his son paid another sum upon it, which together reduced it to $250, and for this balance he gave a new note, which the plaintiff still holds.

The testimony of both parties establishes the truth of these allegations, the plaintiff adding that the act was read to the defendant who thoroughly understood its purport, and signed it voluntarily. Other witnesses swear to the same effect, and one of them that the plaintiff told the defendant the new note was all he had against him, and that he would have the mortgage cancelled the first time he went to the parish seat.

After reciting the pleadings and testimony at length: —

DE BLANC, J. Whether it was a *vente arémérè*, or a common-law

mortgage that the debtor intended to pass or grant, and the creditor to accept, there is no doubt that the main object of the act was to secure an outstanding claim — nor can there be much doubt that, unless fraud, or want of consideration had been established, or a novation shown, the title of plaintiff to the land would have been unassailable after the first of January, 1872, the time fixed for its redemption; but, under the evidence adduced, we are bound to believe that the term for redemption was extended, and that, in satisfaction of the entire balance due on plaintiff's claim, he agreed to take and took a note from defendant and his wife.

The acceptance, by plaintiff, of what is called the new note, in lieu and place of the mortgage debt, divested the traditional transfer of its consideration.

Two bills of exception were taken to the admission, in the lower court, of proof to contradict a written act of transfer and establish the novation of the original debt.

Fraud and error are alleged by respondent, and the evidence objected to was certainly admissible.   24 A., p. 210, 26 A. 548.

Defendant filed a reconventional demand for damages against plaintiff, who, in bar of said demand, pleaded the prescription of one year.

The plea was properly sustained.

*Judgment affirmed.*